UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BRIAN DREW,<br><br>   PLAINTIFF<br><br>v.<br><br>ANSYS, INC.,<br><br>   DEFENDANT. | Civil Action No. 1:17-cv-00152-LM |

## ANSWER

For its answers and defenses to the Complaint For Damages of plaintiff Brian Drew, defendant ANSYS, Inc. ("Defendant") states as set forth herein.  Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint.  Defendant answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

The Complaint begins with two unnumbered, introductory paragraphs.  In response, Defendant admits that (a) plaintiff previously worked for Defendant, (b) in December 2016 Defendant told plaintiff that his employment would be terminated later that month, and (c) plaintiff purports to bring various legal claims against Defendant.  Defendant denies the remaining allegations contained in the unnumbered, introductory paragraphs.

### Parties

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

Jurisdiction and Venue

3. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the Complaint concerning plaintiff's place of residence and therefore denies them. Defendant denies the remaining allegations contained in the first sentence of paragraph 3 of the Complaint. The second sentence of paragraph 3 consists of a conclusion of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained in the second sentence of paragraph 3 of the Complaint.

Facts

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the Complaint, particularly as they relate to plaintiff's employment with Fluent Inc. prior to its acquisition by Defendant, and therefore denies them. Defendant admits the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that plaintiff received salary adjustments and bonuses. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that plaintiff traveled to the San Jose office of Defendant and performed work there. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in the first sentence of paragraph 15 of the Complaint.  Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 15 of the Complaint and therefore denies them.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in the first sentence of paragraph 23 of the Complaint.  Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 23 of the Complaint and therefore denies them.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that Defendant informed plaintiff on or about December 2, 2016 that his employment would be terminated later that month and such termination would be considered without cause for purposes of the ANSYS Executive Severance Plan. Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits that plaintiff requested permission to continue working. Defendant denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits that Mr. Abu-Hadba did not make the decision to terminate plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies them.

41. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies them.

## COUNT I – BREACH OF EXPRESS ORAL CONTRACT

42. Defendant incorporates by reference its answers to the allegations of paragraphs 1-41 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## COUNT II – PROMISSORY ESTOPPEL

46. Defendant incorporates by reference its answers to paragraphs 1-45 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

## COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

51. Defendant incorporates by reference its answers to paragraph 1-50 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

No answer is required to the allegations contained in the "WHEREFORE" clause set forth on page 10 of the Complaint or any of its subparts. If an answer is deemed to be required, Defendant denies all allegations contained within that clause. Defendant further denies that it is liable to plaintiff for any reason or in any amount and it denies that plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims for breach of contract fail for lack of consideration.

### THIRD DEFENSE

There was no contract between the parties.  Plaintiff cannot establish the existence of any of the elements of an enforceable contract.

### FOURTH DEFENSE

To the extent that plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendant must be reduced by that amount.  In addition, to the extent that plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendant must be barred.

### FIFTH DEFENSE

To the extent plaintiff's claims are subject to the statute of frauds and/or the doctrine of estoppel, such claims are limited and/or barred by such statute and/or doctrine.

### SIXTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this answer and assert such defense.

WHEREFORE, Defendant respectfully submits that there is no basis in law or in fact for the claims set forth in the Complaint and that it should be dismissed in its entirety.

<table>
<tr><td>April 28, 2017</td><td>Respectfully submitted,<br><br>**ANSYS, INC.**<br><br>By its attorney,<br><br>/s/ Christopher B. Kaczmarek<br>Christopher B. Kaczmarek (Bar No. 17890)<br>**LITTLER MENDELSON, P.C.**<br>One International Place, Suite 2700<br>Boston, MA  02110<br>Phone 617.378.6000<br>Fax 617.737.0052<br>ckaczmarek@littler.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I, Christopher B. Kaczmarek, hereby certify that on this 28th day of April, 2017, the foregoing Answer was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:147242894.1 048554.1012